UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHRISTOPHER A. THOMPSON**<br>    **LA. DOC #438960**<br>**VS.** | **CIVIL ACTION NO. 2:15-cv-0394**<br><br>**SECTION P**<br><br>**JUDGE DONALD E. WALTER** |
| **CLAIBORNE PARISH**<br>**DETENTION CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Christopher A. Thompson, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 17, 2015. He paid the full filing fee on March 17, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; when he filed his complaint he was incarcerated at the Claiborne Parish Detention Center (CPDC). He complained that he received inadequate medical care for an undisclosed injury he sustained in December and for abdominal and testicular pain that he has experienced for some undisclosed period of time. He sued CPDC, its Warden Johnny Sumlin, and Nurse Tucker praying to be hospitalized and for compensatory damages for pain and suffering. [Doc. 1]

On May 12, 2015, an initial review was completed and plaintiff was instructed to amend his complaint within 30 days to provide more specific information to support his claims. [Doc. 5] Plaintiff did not respond to the amend order.  On September 11, 2015, plaintiff notified the Court that he was transferred to the River Correctional Center and another copy of the amend order was sent to his new address. [Doc. 6] Thereafter, on December 4, 2015, plaintiff moved for an extension of time within which to respond to the amend order. [Doc. 7] On December 8, 2015, his motion was granted and a new deadline of January 8, 2016, was established. [Doc. 8] On

January 7, 2016, he filed a pleading styled, "Request to Withdraw 1983 Form" which requested voluntary dismissal of the complaint and the return of the filing fees paid by the plaintiff. [Doc. 9]

### *Law and Analysis*

Plaintiff is certainly able to dismiss his complaint. His request for refund of the Court Costs and filing fees, however, presents an entirely different issue.

"A prisoner proceeding [*in forma pauperis*] in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal. *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir.1997)("[W]e hold that the plain language of the PLRA requires that appellate fees be assessed at the moment the appeal is filed, regardless of whether the appeal is later dismissed.") *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000).

In other words, 28 U.S.C. § 1915 simply does not provide any authority or mechanism to permit the court to waive payment of a prisoner's filing fee, or to return the filing fee after dismissal of an action. When Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA"), it purposefully imposed financial disincentives for prisoners filing lawsuits *in forma pauperis*. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. See, e .g., H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole))."

Further, other courts have found that the voluntary dismissal of an action, whether filed by a prisoner or not, does not entitle the litigant to a refund of filing fees. *See Porter v. Dept. of*

*Treasury*, 564 F.3d 176, 179–80 (3d Cir.2009) (denying a refund or waiver of remaining appellate filing fees to a federal prisoner and refund of fees to a non-prisoner litigant); *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir.2001) (finding that *pro se* inmates proceeding *IFP* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir.1997) (stating that fees are "assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."); and *James v. Cropp*, No. C12–5159, 2012 WL 1669727 *1 (W.D. Wash., April 13, 2012); see also *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir.1996) (overruled on other grounds by *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000)) ("A solvent litigant must pay the filing and docketing fees for the privilege of initiating an appeal; dismissal on jurisdictional grounds does not lead the court to refund the appellant's money.").

Therefore, considering the foregoing,

**IT IS RECOMMENDED** that plaintiff's Request to Withdraw 1983 Form [Doc. 9]– insofar as it seeks voluntary dismissal of this action – be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and,

**IT IS FURTHER RECOMMENDED** that insofar as said motion seeks a refund of court costs and fees it be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, February 11, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**